*Russell & Helm,* for appellant.

*W. O. & J. L. Dodd,* for appellee.

---

ADAMS EXPRESS CO. *v.* E. L. HINES, ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 1—266.]

**Change of Venue.**
    A notice for a change of venue should be held for naught when made in a case not pending in that court; and where a case is tried several times after a motion for a change of venue was made, and there is no application or further objection to the venue in which the trial was had, no question can then be made as to the correctness of the court's ruling.

**Interrogatories to the Jury.**

> It is not error for the trial court to refuse to send the jury back after it had returned with its verdict, in order that other findings might be made upon interrogatories then offered for the first time.

## APPEAL FROM WARREN COURT OF COMMON PLEAS.

### September 18, 1880.

OPINION BY JUDGE PRYOR:

While the evidence in this case was conflicting, and perhaps the weight of the testimony for the appellant, yet it must be remembered that there were five mis-trials in the case, and two verdicts for the appellee. Seven juries have been sworn to try the issue between these parties, with a finding twice for the plaintiffs, and it must be a glaring error indeed that would require this court to disturb the judgment. The maxim "Interest reipublicæ ut sit finis litium" should be applied in this case, and if not, it would be difficult to tell when this litigation would have an ending. By the amended answer of the appellant it is distinctly alleged that the sum in controversy was paid to T. L. Stevens, and there is no pretense that it was paid to any one else.

The question in the case upon the facts was,—Had Stevens authority from Kinnaird & Stevens to receive the money? This interrogatory was propounded to the jury, and the response was in the negative, and decisive of the question involved. The court might have enlightened the jury by telling them what acts constituted the authority necessary to enable Stevens to recover the money, but we think an enlightened jury would and did understand that if Jones and Stevens were the general agents of Stevens and Kinnaird, in receiving and disbursing their money, no special authority was necessary to enable either to receive this particular fund. Nor are we prepared to say that such general authority has been shown in this case. The amended answer was properly refused.

The company knew full well what receipts it gave evidencing the terms upon which the liability was made to depend, and it was too late after repeated trials to permit it to raise such an issue, and to say that where the company, or its agents, had received the money for the appellee, and the latter had failed to notify the company that it had not been received within thirty days after the date of

the receipt, such a state of fact would relieve the company from responsibility is a doctrine that this court would scarcely accede to. Kinnaird and Stevens did not know of the loss, or that the money had been sent them, until long after the thirty days from the date of the receipt; and besides, this amended answer was offered to be filed after there had been two trials and two continuances of the cause.

The notice to D. B. Stevens that a motion would be made for a change of venue in a case pending between himself and the Adams Express Co. was quashed on the ground that no such action was pending in that court. The court below had adjudged that no notice had been given, and the application for a change of venue was, as the case was regarded by the court below, made in a case not pending in that court. Whether the notice was or was not sufficient, the case was tried several times after this motion for a change of venue was made, and still there was no application or any further objection to the venue in which the hearing was had. If the notice was to change the venue in a case not before the court the whole proceeding was a nullity, and the appellant should not be permitted to stand by its exceptions and then speculate upon the chances of a verdict in a subsequent trial.

The court did not err in refusing to send the jury back after they had returned with their verdict, that other findings might be made upon interrogatories then offered for the first time. The questions should have been propounded before the jury returned into court with their verdict. The jury should be required to find a special verdict when the evidence is concluded and before the argument to the jury, according the language of the code. What effect a direction to find specially after the argument would have is not necessary to be determined.

We see no reason for disturbing the judgment below and the same is *affirmed.*

Judge Hines not sitting.

*John M. Porter, R. Rodes, for appellant.*

*Halsell & Mitchell, for appellee.*